# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURK N. ASHFORD,<br><br>                    Plaintiff,<br>  vs.<br>GOEPPINGER-CURRAN<br>DEVELOPMENT LLC, et al.,<br><br>                   Defendants. | CASE NO. 08cv949 WQH (RBB)<br><br>**ORDER** |

HAYES, Judge:

    On May 29, 2008, Plaintiff, proceeding *pro se*, initiated this action by filing his complaint. (Doc. # 1). The Civil Cover Sheet which accompanies the complaint states that this case was removed from state court by Plaintiff, a resident of the State of California, and that this Court has jurisdiction because the parties are citizens of different states. *Id.* The Civil Cover Sheet states that this case is an appeal from the California Appellate Court over a real estate contract default. *Id.* Plaintiff names four Defendants, Goeppinger-Curran Development LLC, Thomas W. Curran, Neil W. Goeppinger, and F. Virginia Goeppinger. *Id.*

    Plaintiff's complaint states "Plaintiff makes known that this Complaint is essentially an appeal from the Superior Court of the State of California and subsequently the Appellate Court and the California Supreme Court." *Id.* at 1. Plaintiff's complaint seeks a ruling from this Court that "the Review of the California Supreme Court is incomplete and that they need to undertake this case for a complete review and ruling prior to hearing in the Federal Court

system." *Id.* at 6.

On August 13, 2009, this Court entered an order denying (1) Plaintiff's Motion For Contempt and Seizure of Documents against the Superior Court of San Diego County (Doc. # 19); (2) Plaintiff's Motion for Order Clerk's Entry of Default (Doc. # 21); (3) Plaintiff's Motion for Contempt and Seizure of Documents against Chicago Title Company; (4) Plaintiff's Motion for Contempt and Seizure of Documents against San Diego Superior Court (Doc. # 26); and (5) Plaintiff's Motion for Contempt and Seizure of Documents against Chicago Title Company (Doc. # 28).

On September 14, 2009, Plaintiff filed a Notice of Appeal. (Doc. # 30). On October 21, 2009, the Court of Appeals for the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction on the grounds that the August 13, 2009 order was not final or appealable. (Doc. # 36). On November 18, 2009, the mandate issued. (Doc. # 37). The Court spread the mandate on January 27, 2010 and ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction and for failure to serve Defendants. (Doc. # 38). Plaintiff was required to file a response to the Order to Show Cause establishing that the case should not be dismissed for lack of subject matter jurisdiction and failure to serve on or before February 22, 2010. *Id.* at 4. To date, Plaintiff has not filed any response. The Court therefore dismisses Plaintiff's complaint for lack of subject matter jurisdiction, for failure to serve Defendants, and for failure to comply with this Court's Order to Show Cause.

**IT IS HEREBY ORDERED THAT** this case is **DISMISSED WITHOUT PREJUDICE.** It is further ordered that the Clerk of the Court shall close the case.

DATED: March 2, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge